WENTWORTH ET AL. V. CLARK ET AL.

MARRIED WOMAN: *Her deed void.*

The deed of a married woman not acknowledged according to the statute is, absolutely void and a nullity, and incapable of confirmation. (The deed in, this case was executed before the adoption of the Constitution of 1874.. —Rep.)

APPEAL from *Marion* Circuit Court, in Chancery.
Hon. J. W. PITTMAN, Circuit Judge.
*Gregg* for appellant.

EAKIN, J. :

Plaintiff (then Eliza G. Tucker) brought an action at law against Clark and others, to recover certain town lots in Buffalo, Marion county, showing her title by descent. The complaint was filed in July, 1876.

Defendant made no defense at law, but filed a cross-complaint in equity, whereupon the cause was transferred to the equity docket. Some errors of practice in allowing this are complained of, not material to notice.

The cross-bill, admitting that the title had been in plaintiff,. as alleged, sets up a purchase of the lots by defendant from plaintiff and her, then, husband on May 2, 1870, for the sum of $395, paid to plaintiff; that she and her husband thereupon executed and delivered to him a deed of conveyance ; that he entered into possession, under the purchase, with plain-. tiff's assent—has continued to hold, and with like knowledge and consent has made valuable and lasting improvements. worth $2,000. The deed under which defendant claimed was . offered as an exhibit, and asked to be taken as a part of the answer.

Pending the suit plaintiff intermarried with Wentworth who was made a party. They excepted to the deed exhibited

because it did not show that it had been executed and acknowledged by plaintiff as required by law, and asked that it might be suppressed.

The defendant filed an amended cross-complaint, setting up the same conveyance by Tucker and plaintiff, then a married woman, by which she intended to convey the property. That Tucker died about the 20th of March, 1872; that plaintiff intermarried with Wentworth about the 15th of July, 1876; that during the intermediate time, while plaintiff was sole, defendant continued in possession, making valuable improvements to the additional amount of $75, all with the knowledge and consent of plaintiff, and that whilst sole she demanded of defendant $50 as part and parcel of the purchase money for "real estate under said original contract," and did many other acts recognizing said contract.

A demurrer was filed to the amended cross complaint, and also exceptions to the deed of conveyance set up and relied upon therein.

Both were overruled and plaintiff answered the cross-bill. She denies the execution of the deed by herself and her former husband, or any attempt on her part to execute the same, and that defendant ever paid the consideration. She admits that during her first coverture, and after defendant's possession, he put on improvements to the value of five or seven hundred dollars. Admits that he remained in possession during her widowhood, but denies that it is, or was, with her consent, or that he has made valuable improvements since her first husband's death. She admits that she may have signed the paper, but denies that she did so intelligently; denies that the $50 she demanded was for purchase money, but was due her on other accounts; and denies, finally, that during her widowhood she acquiesced in defendant's possession of the property, but says that she had long been a resident of Ala-

bama, where she remained until her first husband's death, when she came to Arkansas to look after her property, and commenced proceedings against defendant in a reasonable time.

The deed exhibited in the cross complaint and relied upon by defendant, was signed by Tucker and his wife (plaintiff), and· acknowledged before a Justice of the Peace in Alabama. The form of his certificate expresses only, that she "of her own free will signed and sealed the relinquishment of dower in the foregoing deed, for the purpose therein contained and set forth."

The evidence, taken most strongly for defendant on all conflicting points, showed that Mrs. Tucker—coming to Arkansas after her first husband's death—began making enquiries concerning her property ; that she lived a short time near the lots in question, then held by defendant, and at one time demanded of him money as part of the purchase price, which he refused to pay ; that she acknowledged her signature to the bond was genuine, after she had claimed title to the lots, and made no objection to some slight repairs the defendant was making, amounting to about $75.

The Chancellor deemed the lots to be the property of defendant Clark, and confirmed his title ; from which plaintiff appealed.

The exceptions taken to the deed set up and relied upon in the cross-bill and made an exhibit thereto, was in accordance with the new practice in land suits, prescribed by the act of March 5th, 1875.

In the year 1870 a married woman could not convey any interest in real property in any other mode than that prescribed by statute, nor, except in the case of separate property, make any contract whatever with regard thereto, either express or

implied, which would in any way affect her title or give equities against it.

The statute has been always construed with the utmost rigor, and those who deal with married women have been held, at their peril, to see to it that every requisite of the statute is observed. The power of conveyance is in derogation of the common law, and, construed with all rigor, too often leads to the spoliation of a class, subject to all manner of subtile and indefinable influences upon the part of husbands, which are none the less irresistible because they may often elude the scrutiny of the courts.

Her deed, if not in accordance with the statute, is not, like an infant's, voidable. It is absolutely void and a nullity. *McDaniel* v. *Grace et als.*, 15 Ark., 465 ; *Elliot et als.* v. *Pearce*, 20 Ark., 508 ; *Stidham and wife* v. *Matthews et als.*, 29 Ark., 650 ; *Wood and wife* v. *Terry et al.*, 30 Ark., 385.

In this last case it was also held that no estoppel can attach from her conduct, nor can she be bound by any executory contract not duly acknowledged.

The deed was, in this case, acknowledged before a Justice of the Peace in another State. There was no law authorizing that. The deed could not be used in evidence to show title, or an executory contract ; nor could it derive any validity from subsequent confirmation, in any manner, which would not, of itself, without the deed, give an equity to defendant. The exceptions to it should have been sustained.

After the death of complainant's first husband, there is nothing to show such new contract and part performance as would entitle defendant to a deed.

The trifling repairs, amounting to $75, taking his own estimate, made upon property he was already occupying and holding adversely, would not be sufficient part performance to create such an equity. But it is not necessary to consider that.

He did not take possession and improve under or by virtue of, or in pursuance of, any such new and independent parol contract.

The decree should have been for plaintiff, upon her complaint at law, and possession should have been awarded her with costs, and the cross bill in equity should have been. dismissed.

Let the decree be reversed, and a judgment be entered here for the possession of the property and all costs, in favor of plaintiff Eliza G. Wentworth and her husband.